CHARLES BUNTING v. WILLIAM B. WHITE, Administrator of MERRILL BUNTING, deceased.

A copy of a book of original entries regularly and fairly kept, but accidentally destroyed, is not admissible in evidence to prove an account of matters properly chargeable in it.

ASSUMPSIT for work and labor, with the usual pleas, on an account duly probated by the plaintiff against the estate of the deceased.

*Moore*, for the plaintiff. Charles Bunting, the plaintiff, was the son of Merrill Bunting, deceased, and had an account duly probated by him, against the estate of the deceased, which was a true and correct copy of an account regularly and fairly kept by him in his book of original entries at the time, for work and labor performed by him on the farm of his father before his death, but which book of original entries had since been accidentally destroyed, and the existence and destruction of which he was prepared to prove. He then called a witness for that purpose.

*Cullen*, for the defendant, objected to the admissibility of the testimony about to be offered, because no secondary evidence of the contents of an account in a book of original entries could be admissible, even after its previous existence and subsequent loss or destruction had been fully and satisfactorily proved. Nothing but the book of original entries itself, supported by the oath of the party that it had been regularly and fairly kept, was admissible under the statute in any case, or in any event to prove the account.

*Moore.* The question presented must be governed by the general rule and principle of the common law, which was not only general, but uniform and universal in its application; and which was that when by irretrievable loss or absolute destruction, the best evidence of which a matter is susceptible cannot be produced, the next best is invariably admissible from the necessity of the case, and that the administration of justice may not be defeated by a mere accident. And, therefore, it was that when original evidence of a written or documentary character is accidentally destroyed, proof of its existence and destruction and the contents of it, by a correct copy, or by evidence *aliunde* was always admissible; and there was no reason why a book of original entries should constitute any, or the only exception, to the otherwise universal rule.

*Cullen* replied.

*By the Court.* As long as the statutory provision making a book of original entries regularly and fairly kept of goods sold and delivered, and other matters properly chargeable in an account, with the oath or affirmation of the plaintiff in the action that it is such a book of original entries, admissible evidence in his favor, had been in force on the subject, we are not aware that this question has ever before arisen, in its present form, at least, in any case in this court. The provision referred to, is, of course, not only a special and peculiar one, but it is also an ex-

ceptional one; and the construction and application which it has hitherto uniformly received from the court, has been quite as liberal and indulgent to parties plaintiff in such cases, as the true spirit and meaning of it can possibly warrant, we think, and we, therefore, cannot consent to extend it any further than the cases have already gone. The words of the statute are that such a book of original entries with the oath or affirmation of the plaintiff, shall be admitted, or shall be allowed to be given in evidence to charge the defendant with the sums therein contained. *Revised Code*, 184, 382; and as the object of the provision, as well as the effect and import of the words of it, was simply to make such book itself so sworn to by the plaintiff, competent or admissible evidence for him merely, subject, of course, to the inspection of the court and jury and the counsel of the defendant when admitted, and to all exceptions as to its intrinsic defects or deficiency in any respect apparent upon the face of it, or disclosed in the evidence in regard to it, the production of the book itself, we think, is imperatively demanded by it in every instance, and is indispensably necessary in any case, since it makes no provision for any secondary evidence in substitution of it, in the event of its destruction, or loss by accident. Besides, it requires both the presence of the book itself, and the oath or affirmation of the plaintiff that it is his book of original entries regularly and fairly kept during the time included in the account, to make it even competent and admissible evidence in the case; and, therefore, neither can be sufficient without the other, we consider, in any event. The testimony offered must therefore be excluded.